# State *ex rel.* Ducourneau *v.* Langan.

*Mandamus to Compel Issuance of License.*

(Decided March 2nd, 1907. 43 So. Rep. 187.)

*Mandamus; Acts of Public Officers; Matters of Description.*—Mandamus does not lie to compel an officer to issue a license where the performance of that duty rests upon the ascertainment of facts or the existence of conditions, to be determined by such officer, in his judgment or discretion.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Petition for mandamus by the State, on the relation of Leon Ducourneau, to compel David Langan, as tax

collector of the city of Mobile, to issue to relator a license. From a judgment denying the writ, on sustaining a demurrer to the petition, relator appeals. Affirmed.

The petition alleges that the relator is a citizen of Mobile, and is conducting a liquor business in the city of Mobile, for which he has a license; that Langan is tax collector of the city of Mobile, and as such has the issuance of license; that it is necessary to have the signature of the mayor, and that the mayor refuses to sign such license because the business is to be conducted in a district of the city where liquors cannot be sold; that the city has no authority to restrain the buiness for which license is sought, but may regulate the same; that a license has been prescribed for that character of business, setting out the ordinance; that certain limits are prescribed in which liquor may be sold, setting those limits out; that in these limits no effort is made by the authorities to put down vice and immoral practices; and that it is not a suitable place for a theater or music hall where liquors are to be sold. It further alleges that liquors are served in certain hotels and restaurants, to the music of bands, outside of the territory, and that the refusal of license to petitioner is unjust and a discrimination. Respondents demurred to the petition because the charter of the city of Mobile (section 21) expressly authorizes the general council of said city to adopt ordinances in the matter of "the licensing and regulating of retail liquor dealers," and also in the matter of theatrical performances and other entertainments and amusements, and that it appears upon the face of said petition for mandamus that said ordinances regulating said vocation when carried on together, by confining them on and after October 31, 1906—that is to say, "theaters or variety shows, where songs, music, or dancing is allowed, and wines and vinous, malt, or spirituous liquors are sold, or where men or women are employed to serve wine and vinous, malt, or spirituous liquors, on the floor or in the wine room"—to that locality or portion of the city of Mobile bounded by "Lawrence street on the east, Wilkerson street on the

[State ex rel. Ducourneau v. Langan.]

west, St. Michel street on the south, and St. Louis street on the north," is a valid exercise of the power conferred by the legislature of Alabama upon the general council of the city of Mobile. These demurrers were sustained, and the petition amended, elaborating the conditions existing in the district to which places of the kind license is here sought for is confined, and the same demurrer was refiled to the amended petition and sustained.

CHARLES L. BROMBERG, and FREDERICK G. BROMBERG. for appellant.—A municipal corporation possesses and can exercise those powers granted in express words, those necessarily or fairly implied incident to the powers expressly granted, those essential to declared objects and purposes of the corporation, and none other. —New Decatur v. Berry, 90 Ala. 433. Any reasonable doubt as to the existence of the power of any municipality to enact an ordinance should be resolved against the municipality.—21 Enc. of Law, 950. Where the power to legislate on a given subject is conferred, but the mode is not prescribed the courts have full power to pass upon such ordinance and unless it be a reasonable exercise of the power it will be declared invalid.— 21 Enc. of Law, 990; Greensboro v. Ehrenreich, 80 Ala. 579. And must be reasonable and not arbitrary or oppressive.—Greensboro v. Ehrenreich, supra; Oxanna v. Allen, 90 Ala. 468; 21 Enc. of Law, 985; Dillon on Municipal Corporations (4th Ed.) §§ 319-321. The test of reasonableness is laid down in the following authorities.—21 Enc. of Law, 986; Dillon on Municipal Corporations, supra; 2 Abbott's Municipal Corporations, p. 1341. An ordinance must be general in its nature and impartial in its operations.—21 Enc. of Law, 983; Greensboro v. Ehrenreich, supra. The charter power of the city of Mobile does not authorize the passage of an ordinance which in its nature is prohibitive notwithstanding the power to regulate theatrical and other amusements and entertainments.—Ex parte Burnett, 30 Ala. 461.

B. B. Boone, and R. M. Smith, for appellee.—The appeal should be dismissed because the petition itself shows that the tax collector cannot issue the license demanded. It requires the concurrent action of the mayor, and the relator must specifically point out the relief which he seeks. The prayer of the bill is directed only against Langan and not against Lyons. Even in equity a prayer is essential to a recovery.—*Driver v. Fortner*, 5 Port. 9. The license ordinance was neither discriminatory nor prohibitory but is a mere regulation of the liquor business. The power is given to limit the employment or occupation to a particular locality. —*Ex parte Byrd*, 84 Ala. 17; *State v. Reid*, 1 Ala. 612; *Shelton v. Mayor of Mobile*, 30 Ala. 540. The following cases state the rule as to when a license ordinance is prohibitory and when not.—*Ex parte Sykes*, 102 Ala. 177; *Intendant v. Chandler*, 6 Ala. 899.

That the city has the power to prohibit theatrical performances and dancing where liquors are sold cannot be doubted.—*State v. Gearhardt*, 33 L. R. A. 213; *Ex parte Smith & Keating*, 38 Cal. 702; McQuillan's Municipal Ordinances, p. 757.

McCLELLAN, J.—This is a petition for writ of mandamus to compel the issuance of a license to the relator to operate a theater or variety show wherein wines and vinous, spirituous, or malt liquors are sold or served. Demurrer was sustained to the petition, and, petitioner declining to plead further, the writ was denied.

Regardless of the validity or invalidity of the ordinance prescribing territorial limits, within the city of Mobile, in which only the business here contemplated by the relator is licensable, we are of the opinion that the judgment of the circuit court is well rendered. It is settled that writ of mandamus will not issue to control the exercise of judgment or discretion. It is only a ministerial, not a judicial or quasi judicial, duty to compel the performance of which the writ will issue. Wherever the duty, the performance of which is sought to be enforced, rests upon the ascertainment of facts or

[Southern Ry. Co. v. Dickens.]

the existence of conditions by the officer against whom it is prayed, his judgment or discretion being invoked, the writ is not available to the petitioner or relator.—*Taylor v. Kolb,* 100 Ala. 603, 13 South. 779; 19 Am. & Eng. Ency. Law, p. 821, and note. In the charter of the city of Mobile (Acts 1900-01, p. 2375) it is provided that "no license of any kind shall be granted except to respectable people and for lawful business," and revocation of issued license may be, upon condiitons stated, had by the mayor's action. It is evident that judgment and discretion are reposed as conditions to the issuance of license in this municipality, and that the writ cannot run to control it in behalf of this relator.—*Dunbar v. Frazer,* 78 Ala. 538; *Ramagnano v. Crook,* 85 Ala. 226, 3 South. 845.

The petition shows that the mayor, whose concurrent act with that of the collector is essential to the issuance of a valid license, refused to permit the grant to relator of the license sought. It does not appear that the discretion or judgment exercised was abused to the prejudice of the relator. The judgment of the circuit court is affirmed.

Affirmed.

HARALSON, DOWDELL, and ANDERSON, JJ., concur.