# Yeilding v. Bland, et al.

## Mandamus.

(Decided November 25, 1913.   63 South. 961.)

1. *Intoxicating Liquors; License; Issuance; Discretion.*—Acts 1911, p. 254, confers on the Excise Commission discretion in issuing licenses where there are more applicants than licenses to be issued, and does not vest in a licensee, under a license issued during the previous year, an absolute preference.

2. *Mandamus; Discretion.*—Where discretion is conferred by law on a body such as an Excise Commission, its exercise of that discretion cannot be reviewed or revised by mandamus.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Mandamus by John Yielding against J. M. Bland and others, composing the Excise Commission of Cullman county for the revocation of a retail liquor license issued to another, and for the issuance of a license to petitioner. From a judgment denying relief petitioner appeals. Affirmed.

F. E. ST. JOHN, for appellant.   Secton 7 of Acts 1911, p. 254, gives a preference to one holding a license and

petitioner coming within that class his license should have been renewed without the necessity of formal application. The exercise by the Excise Commission of their authority to grant or refuse license involves a ministerial and not a judicial act.—*Grider v. Talley,* 77 Ala. 422; *Harland v. State,* 136 Ala. 150; *State v. Williams,* 143 Ala. 501. Hence, it may be controlled by mandamus.—42 Am. Dec. 672; 151 Ala. 555; 23 Cyc. 135; 26 Cyc. 228.

J. B. BROWN, and A. A. GRIFFITH, for appellee. Section 7, Acts 1911, p. 254, lodges a discretion in the Excise Commission as to the issuance of licenses, and that being true, their action cannot be controlled by mandamus.—*Taylor v. Cobbs,* 100 Ala. 603; *State, ex rel. v. Langan,* 149 Ala. 647. There is no vested right in the sale of liquor.—*Ex parte Woodward,* 61 South. 295. As to the duties and powers of the Excise Commission see. —*Excise Comm. v. State, ex rel. Skinner,* 60 South. 812. No demand or refusal to act is shown.—*Ex parte Scudder-Gayle Co.,* 120 Ala. 434; 26 Cyc. 193.

McCLELLAN, J.—Petition by John Yielding, for manadmus to compel the Excise Commissioners of Hanceville, Cullman county, to revoke a retailer's liquor license issued thereby to one Cook, who was, with petitioner, an applicant for license for the year 1913, and to issue such license to the petitioner Yielding for the year 1913. The conclusion of law prevailing below was opposed to the relief sought, and the petition was dismissed. It appears from the petition that Hanceville is a town of such population as that only one retailer's license may be issued therein. It further appears that petitioner was the licensee for the year 1912. The contention for petitioner is that, under the pertinent pro-

visions of the "Smith Law" (Acts 1911, pp. 249, 254), the petitioner as an exercising licensee for 1912 was entitled as of right to the license for 1913, unless the licensee had forfeited his right to license to retail in that municipality.

Sec. 7 (Acts 1911, p. 254) provides: "Where the total number of applicants is in excess of the number of licenses allowed by law it shall be the duty of the commission to order the issuance of license to such of the applicants as in their opinion are best fitted to carry on the business of selling spirituous, vinous or malt liquors, provided always, that applicants already possessing a license issued during the previous year shall have preference over new applicants. Upon the expiration of each license, the excise commission shall, unless the licensee has forfeited his right under the provisions of this act, issue a certificate to the probate judge to renew said license without the necessity of any formal application on the part of the licensee therefor, upon the required bond being made and paying the necessary license tax and fees therefor." It is manifest, we think, that the legislative intent, as expressed in the quoted part of section 7, did not contemplate the denial to the commission of the exercise of discretion and choice in cases where a licensee desired a renewal of his license. Indeed the *preference* particularly assured to the licensee for the previous year evinces an unmistakable, unequivocal purpose to leave with the commission the like discretion and the duty of choice, vested in excise commissions by that enactment, to commit the license to him, of two or more applicants, who, in the commission's opinion, was best suited to carry on the business, subject to the single qualification that *preference* should be accorded him who was a licensee for the previous

[Yielding v. Bland, et al.]

year. The latter provision of the quoted part of the section 7 only had the effect to exempt the elder licensee, who had not forfeited his right to renewal, from the necessity to present a formal application. Obviously it was not thereby intended to clothe the elder licensee with an absolute right to a renewal unless that right had been forfeited in some way. To otherwise interpret the section would annul the first provision of the quoted part thereof. Certainly if the lawmakers had intended to vest one licensed the previous year with such an important, absolute right, in derogation of the commission's function as just preceding they had prescribed, the expression of such a purpose would not have been undertaken through a provision touching merely the formality of application for renewal.

The law's intent being so, the commission's act in denying a renewal to petitioner was within the discretion reposed by law in that body. Its exercise cannot be reviewed or revised by recourse to the writ of mandamus.—*State ex rel. v. Langan,* 149 Ala. 647, 43 South. 187; High's Ext. Legal Rem. § 327. See *State v. Montgomery,* 177 Ala. 212, 59 South. 294, 301; *Lieberman v. Van De Carr,* 109 U. S. 552, 26 Sup. Ct. 144, 50 L. Ed. 305.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.