49 So.2d 296

**Ex parte SPARKS.**

**6 Div. 110.**

Supreme Court of Alabama.

Dec. 14, 1950.

596

M. B. Grace and Graydon Newman, **of** Birmingham, for petitioner.

E. M. Creel, respondent, pro se.

STAKELY, Justice.

This is an original petition for mandamus filed in this court by Othel Sparks to compel Hon. E. M. Creel as Judge of the Tenth Judicial Circuit of. Alabama to vacate a decree rendered on December 18, 1947, dismissing cause No. 55546 wherein Othel Sparks et al. were complainants and Ida Johnson was respondent. The only ground argued in support of the petition is that Judge Creel had no jurisdiction to enter the decree of December 18, 1947. The facts

as alleged in the petition may be summarized as follows.

On August 30, 1944 a decree was entered in the Circuit Court of the Tenth Judicial Circuit of Alabama, in Equity, in favor of Othel Sparks against Ida Johnson for $797.-98 and a lien to secure this indebtedness was established on certain real estate in Jefferson County belonging to Ida Johnson.

The decree provided that unless the indebtedness with interest and court costs was paid into the Registry of the Court within 60 days from the date of the decree, the Register should proceed to advertise and sell the property at public sale. The Register acting under the decree published notice of a sale set for December 6, 1944. The sale was continued to February 7, 1945, when the sale was again postponed on notice that respondent had conveyed the property to a third person. No further action was taken by the Register with reference to a sale of the property.

Subsequently the cause was regularly set on the printed docket of the court on November 18, 1947, and upon a call thereof on request the case was passed to the 18th of December, 1947 for submission for final decree. On December 18, 1947, a decree was entered dismissing the cause, the cause not having been submitted for final decree.

Subsequently on January 10, 1948 Othel Sparks filed a motion to .set aside the decree of dismissal, for permission to proceed against the party or parties to show the property had been conveyed and for other relief. No order was made on this motion within the time allowed by law "and the motion died."

On June 1, 1950 a motion was filed by Othel Sparks, asking the court to enter an order directing the Register to advertise and sell the property to satisfy the lien established in the decree of August 30, 1944. The motion alleged that the court decreed a dismissal on December 18, 1947 after a final decree on August 30, 1944. The court entered a decree on this motion in effect that the decree of August 30, 1944 was dual in nature, (1) a judgment against the defendant and (2) a provision that unless the judgment was paid within 60 days the Register should sell the property in foreclo-

sure of the lien. The decree recites that the sale was never made, counsel for complainant in open court stating that the property had been sold to another, counsel now stating that the property was now back in the name of Ida Johnson. The decree further states in substance that since the sale was not made, the cause remained on the docket for sale by the Register and was finally dismissed in 1947 for want of prosecution. The court according to the decree denied the motion to "sell the property under the lien terms of the decree heretofore rendered in said cause on 30th day of August 1944," but without prejudice to the complainant to pursue whatever remedy he might have in respect to the judgment rendered in said decree.

Counsel state the question for decision as follows. "The sole question is, did the trial court have the power, authority or right to dismiss the cause out of court, thereby destroying the final decree rendered more than a year prior to the order of dismissal. The final decree was rendered on August 30, 1944 and on December 18, 1947 the court entered an order dismissing the cause out of court."

■ There is no doubt, as stated by Judge Creel, that equity decrees may be so framed as to be partly final and partly interlocutory. Scholes v. Kibbe, 222 Ala. 587, 133 So. 286; Wood v. City of Birmingham, 247 Ala. 15, 22 So.2d 331. A decree which ascertains and declares the rights of the parties and settles the equities is a final decree though it provides for further proceedings under the direction of the court to carry the decree into effect. Carter v. Mitchell, 225 Ala. 287, 142 So. 514; O'Rear v. O'Rear, 227 Ala. 403, 150 So. 502; Moorer v. Chastang et al., 247 Ala. 676, 26 So.2d 75. If there is a decree directing further proceedings under the direction of the court in order to make effective the final decree, such decree is interlocutory and remains within the control of the court because as to such decree and further proceedings thereunder the cause remains in fieri. The thirty day limit of section 119, Title 13, Code of 1940 applies only to final decrees. Ex parte King, 230 Ala. 529, 162 So. 275; authorities supra.

■ So it becomes necessary to determine the nature of the decree of August 30, 1944. That decree is final so far as it found the respondent indebted to the complainant and so far as it established a lien on the property as security therefor because in these respects the court determined the equities of the parties. The decisive question here is as to the nature of that part of the decree which ordered a sale by the register.

It may be that Judge Creel had in mind the decision of this court in Malone & Foote v. Marriott, 64 Ala. 486, and so considered the direction in the present case to the register to sell as being interlocutory. We have the original record in that case before us. It is shown by that record that the register was ordered to make the sale, execute a deed to the purchaser and "report his proceedings in the premises" to the court. It is obvious, therefore, that in that case the register in making the sale was acting under an interlocutory decree, because further judicial action was required.

■■ But in the case at bar the court ordered the register to sell specific property to satisfy the lien of the judgment which was in a definite amount. No report by the register was required. No confirmation of the sale by the court is here contemplated. The effect of the order to the register is merely to sell the property in execution of the decree without requiring further judicial action. North Carolina Railroad Company v. Swasey, 23 Wall. 405, 23 L.Ed. 136; 21 C.J. p. 645; 30 C.J.S., Equity, § 582, p. 974. The result is that the order to sell is a part of the final decree and so could not be affected by the further order of the court after the expiration of thirty days from the date of rendition. We conclude that the decree of dismissal was beyond the power of the court and should be expunged.

Writ granted.

FOSTER, LIVINGSTON, LAWSON and SIMPSON, JJ., concur.

BROWN, J., dissents.

598

BROWN, Justice (dissenting).

The effect of the decree involved in this case dismissing the case for want of prosecution was to strike it from the docket. This, under the circumstances stated, the court had a right to do. While this dismissal did not affect the validity of the previous final decree settling the equities between the parties, it terminated the *lis pendens* and made it necessary that the party interested file a supplemental bill invoking the power of the court to enforce said decree. I am, therefore, of the opinion that the mandamus in this case should be denied. Ex parte Krasner, 249 Ala. 640, 32 So.2d 678.

I, therefore, respectfully dissent.