79 So.2d 11

**W. L. HORN, as State Commissioner of Revenue,**

v.

**DUNN BROTHERS, Inc.**

**3 Div. 669.**

Supreme Court of Alabama.

March 24, 1955.

1. Post, p. 600.

Si Garrett, Atty. Gen., and H. Grady Tiller and Wm. H. Burton, Asst. Attys. Gen., for appellant.

Jack Crenshaw, Montgomery, for appellee.

The complainant-appellee-taxpayer filed an, original bill for a declaratory judgment. It was alleged that it was a Texas Corporation with its principal place of business in Dallas, Texas. Further, that there exists a reciprocal agreement between the State of Texas and the State of Alabama as to mileage taxes and that the taxpayer's operation comes within the terms of this agreement. The bill alleged that a justiciable issue existed between the taxpayer and the Commissioner of Revenue as to the constructon of such agreement and as to the rights and liabilities of the taxpayer under this agreement. The taxpayer prayed for a declaration of right construing the terms of this reciprocal agreement and enjoining the Commissioner from requiring the taxpayer to pay further fees and taxes on its interstate operation.

, The reciprocal agreement between Alabama and Texas was purportedly made pursuant to the statutory authority contained in the Mileage Tax Act, Title 48, Section 301(46), Code of Alabama 1940, as amended. Paragraph 5 is the portion of that agreement which is most pertinent to the present controversy.

"Paragraph 5. Trucks, truck-tractors, trailers or combination of truck, truck-tractor with semi-trailer transporting property for hire and/or compensation may be operated in both states parties to this agreement, without limitation as to the number of trips and without the payment of any vehicle registration fees, or mileage fees, when the vehicle of the owner thereof engages only in interstate operations in the state granting reciprocity to that of his domicile, and provided, however, that nothing herein shall exempt operators engaged in for hire and/or compensation operations from complying with the regulations of the Texas Railroad Commission and the Alabama Public Service Commission as to securing operating authority, insurance requirements, payment of application filing fees or cost of identification plates."

MAYFIELD, Justice.

This is an appeal from a final decree of the Circuit Court of Montgomery County, sitting in equity, rendered on 15 May 1953. After submission in this Court, the term of office of Joe M. Edwards, as Commissioner of Revenue, expired, and W. L. Horn was ,appointed his successor. By agreement of the parties, and with the consent of this Court, W. L. Horn has been, substituted as appellant in the stead of Joe M. Edwards.

The Circuit Court of Montgomery County entered a declaration of right in favor of the taxpayer on 29 February 1952, in which it ordered, declared and decreed:

"1. That said reciprocal agreement between the State of Alabama and the State of Texas applies to the Complainant which is engaged in the operation of motor vehicles duly licensed in the State of Texas and of which State the Complainant is a legal resident.

"2. That Complainant's motor vehicles may be operated in the State of Alabama without limitation as to the number of trips and without the payment of any vehicle registration fees and mileage fees, where such vehicles of the Complainant are engaged only in interstate operations in the State of Alabama.

"3. That the Complainant is not liable to the State of Alabama or any subdivision thereof for vehicle registration fees or mileage fees or mileage taxes on motor vehicles of the Complainant which are engaged only in interstate operations in the State of Alabama.

"4. That all motor vehicle registration fees, mileage fees, or mileage taxes heretofore paid by the Complainant on motor vehicles engaged only in interstate operations in the State of Alabama were paid under mistake of law and Complainant is entitled to the refund thereof upon proper application for refund.

"5. That the Respondent, Joe M. Edwards, as Commissioner of Revenue of the State of Alabama, his agents, employees, or representatives are hereby enjoined and restrained from requiring Dunn Brothers, Inc., to pay any motor vehicle registration fees, mileage fees and mileage taxes where the vehicles of the Complainant are engaged only in interstate operations in the State of Alabama."

No appeal was taken by the Commissioner of Revenue from this declaratory judgment. The taxpayer filed an application for refund with the State Department of Revenue in the amount of $6,118.36, on 9 October 1952, under the provisions of Title 51, Sec. 913, Code of Alabama 1940, as amended. The amount claimed represented mileage tax paid by the taxpayer during a period beginning in September 1949 and ending in October 1950. The taxpayer's application for refund was refused by the Commissioner on 19 November 1952. On 21 January 1953, the taxpayer filed a petition in the Circuit Court alleging the refusal of its claim for refund and praying that the Court make such supplemental orders as were necessary to give full force and effect to its declaration of right of 29 February 1952. The Commissioner filed demurrers and answers to this petition. The principal contention was that the amount which the taxpayer sought to have refunded was paid on intrastate operations. The Commissioner also filed a motion for severance in which he asserted that the mileage fees which constituted the subject of the petition related to a period prior to those which were the subject of the Court's decree of 29 February 1952. Further, that the taxpayer was attempting to merge two separate suits. The Commissioner prayed that the two causes be severed and treated as two separate suits.

The trial court overruled the Commissioner's demurrer and motion for severance upon a hearing held 15 May 1953. The court below made a finding of fact based on oral testimony and numerous exhibits placed into evidence, that of the total amount claimed by the taxpayer $5,731.92 was for mileage fees paid on interstate operation. The court thereupon decreed as follows:

"* * * the Respondent, Joe M. Edwards be and he is hereby ordered and directed to allow such application for refund in the amount of $5,731.92. It is further ordered that the cost of these proceedings be taxed against the respondent for which let execution issue."

From this decree the respondent-Commissioner appealed. We are met at the threshold with the problem of the scope of this appeal. It is contended by the Commissioner and argued exhaustively and with force by his able solicitor that the decree of 29 February 1952, was merely a preliminary or intermediate decree. The Commissioner's solicitor strenuously maintained that this decree and the "final" decree of 15 May 1953, are presently before this Court.

■ The declaration of right rendered on 29 February 1952, fully ascertained and declared the rights of the parties and settled the equities. It resolved all the issues then before the Court and provided for no further proceedings. It was, therefore, a final decree. Ex parte Sparks, 254 Ala. 595, 49 So.2d 296; Carter v. Mitchell, 225 Ala. 287, 142 So. 514; O'Rear v. O'Rear, 227 Ala. 403, 150 So. 502; Moorer v. Chastang, 247 Ala. 676, 26 So.2d 75. The rendition of a supplemental decree does not divest a prior final decree of its finality. As was stated in 30 C.J.S., Equity, § 582, page 975:

"The court cannot, by its subsequent action, divest a decree of its character of finality. A final decree is not rendered interlocutory by the retention of the case on the docket, nor by the subsequent rendition of another decree therein."

Having elected to take no appeal from the decree of 29 February 1952, the State Department of Revenue lost its right of appeal. Our consideration, is accordingly limited to the trial court's decree of 15 May 1953, from which this appeal is prosecuted. See Burgin v. Sugg, 210 Ala. 142, 97 So. 216; Cochran v. Miller, 74 Ala. 50.

■ The State Department of Revenue now contends that the proceedings below and the decree from which they prosecute this appeal are void as violative of Section 14 of the Constitution of Alabama 1901, which provision prohibits making the State of Alabama a defendant in any court of law or equity. This question was not raised in the nisi prius court, and the taxpayer insists that it may not now be raised for the first time. With this insistence, we cannot agree. If the appellant's contention were valid, neither the court below nor this court has the jurisdiction to render or countenance the decree of 15 May 1953. Among the questions for consideration on this appeal is the problem of jurisdiction of the trial court as a basis for jurisdiction of this Court. Our Court has consistently held that it will take notice of the question of jurisdiction at any time or even ex mero motu. Scott v. Alabama State Bridge Corporation, 233 Ala. 12, 169 So. 273.

■ While we may in no manner impinge upon the immunity of the State from suit, adherence to strict formalism would necessarily extend the inclusiveness of Section 14 of our Constitution beyond the policy consideration which occasioned its existence. In the interpretation and application of Section 14 of the Constitution, this Court has stated that it would seek a common sense approach to the problem of the State's immunity from suit. We have pointed out that it is the nature of the suit or the relief demanded which the courts consider in determining whether an action against a State officer is in fact a suit against the State in violation of the Constitutional prohibition. Glass v. Prudential Ins. Co., 246 Ala. 579, 22 So.2d 13.

■ When State officers are required to perform ministerial acts, they derive no comfort or immunity from Section 14, supra. Curry v. Woodstock Slag Corporation, 242 Ala. 379, 6 So.2d 479; State v. Clements, 217 Ala. 685, 117 So. 296.

In State Board of Administration v. Roquemore, 218 Ala. 120, 117 So. 757, 759, the petition sought a writ of mandamus to compel the respondent to audit and voucher for payment petitioner's account for hay sold to the State Highway Department. After noting that by statute the State Highway Department was required to pay for material furnished out of the Highway fund, this Court said:

"This proceeding for mandamus is in no sense a suit against the state. The petition shows an executed contract of purchase and sale, for a definite price, and therefore a clear legal duty on the part of the highway department, through its executive head, presumptively, to audit and approve petitioner's claim, in order that it may be paid out of the appropriate fund on warrant drawn by the state auditor in accordance with the usual practice.

"It is of course true that *discretionary* action or choice of action on the part of public officials cannot ordinarily be coerced by mandamus. Citizens' Bank, etc. v. Commissioners' Court, 209 Ala. 646, 96 So. 778; State ex rel. Ducourneau v. Langan, 149 Ala. 647, 43 So. 187; Ex parte Thompson, 52 Ala. 98, 100. But, in cases like this, the board's discretion is exhausted when it gives an order for materials and *accepts delivery* of them in due season; or, if there is receipt without express acceptance, when the materials are accepted by their *actual use*. Of course it always remains for the responsible officer to ascertain the existence of the facts upon which his obligation to perform the duty depends, but that is not the kind of judgment or discretion which would avert the writ of mandamus. Grider v. Talley, [Tally] 77 Ala. [422] 425, 54 Am.Rep. 65; State ex rel. Turner v. Bradley, 134 Ala. 549, 552, 33 So. 339; Stewart v. Wilson Printing Co., 210 Ala. 624, 627, 99 So. 92. * * *"

■ The critical question here presented is whether or not after a taxpayer has received a declaration of right, he is entitled to a refund of certain taxes, and whether after refusal of such refund by the State Department of Revenue upon the petition of the taxpayer, a court of equity is empowered to order the State Department of Revenue to take affirmative action on the taxpayer's refund. The Commissioner contends not, saying, in effect, that under Tit. 51, § 913, as amended, supra, his disposition of the taxpayer's petition is discretionary; that regardless of the merits of the taxpayer's claim, if the Commissioner chooses not to certify that the taxpayer is entitled to a refund, this decision is final. And, that any suit seeking to compel such certification is an action against the State forbidden by Section 14 of our Constitution. Possibly the soundness of the Commissioner's contention would depend upon the absence of any clear, legal duty under the circumstances.

The Code of Alabama 1940, Tit. 51, § 913, as amended, authorizes the refund of taxes paid directly to the State Department of Revenue upon petition of the taxpayer within three years of such payment where, by mistake of fact or law, an amount was paid in excess of the amount due. This section further provides:

"The department of revenue shall examine said petition and the records of the department of revenue, and if the facts set forth in the petition are such as to entitle the petitioner to the refunding of the money as prayed for and the department of revenue, upon the evidence adduced is satisfied that the petitioner is entitled to the refund as prayed for, he shall so certify to the comptroller * * *."

The taxpayer made application for refund and the Commissioner refused the application. This application was made in conformity with, and based upon, the declaration of right which he received in the equity court, and from which declaration the Commissioner chose not to prosecute an appeal.

It is manifestly fitting and proper that in order to maintain orderly government, each taxpayer is required to furnish his fair share of the State's revenue—its life blood. Of no man is one drop in excess of his share required. The citizen is required to render unto Caesar those things which are Caesar's—but not to make further obeisance.

It is harsh and unjust for the State to withhold overpayments made through mistake by the over-conscientious taxpayer. When the Legislature of Alabama enacted Section 913, supra, they thereby created the machinery for the satisfaction of the State's moral duty to refund taxes erroneously paid. It is inconceivable that the Legislature could have intended that the basic purpose for which they enacted the statute could or should be thwarted by arbitrary actions of the State Department of Revenue. Nor do we believe that the framers of the Constitution intended to attempt to control the internal workings of the State tax collecting machinery when Section 14, supra, was written into the basic organic law. The historical reasons for the need of governmental immunity from suit are too well known to here require review.

We do not find it here necessary to decide the limits of the discretionary power given to the State Department of Revenue under Section 913, supra. The decree of 29 February 1952, established the taxpayer's right to a refund for taxes paid on interstate operations. All that remained to be done by the State Department of Revenue was the computation of such refund and the necessary certification to the comptroller. At lease, to that extent, the duties of the Commissioner were ministerial only.

What, then, was the nature of the relief demanded? The supplemental decree of 15 May 1953, only required the Commissioner to perform an established duty.

No judgment against the State was sought or granted. True, the decree may ultimately touch the State treasury. Yet, the State treasury suffers no more than it would, had the Commissioner initially performed his clear bounden duty. The State of Alabama, as well as the taxpayer, has an interest in the proper performance of official duties by its Department Heads.

We, therefore, conclude that the present suit is essentially personal in nature and consequently does not fall within the purview of the prohibition set out in Section 14, of the Constitution of 1901.

■ The State Department of Revenue argues further that the decree of 15 May 1953, is a nullity in that it granted affirmative relief which would have been valid, if at all, under a procedural writ of mandamus on the law side. Code of Alabama, Tit. 7, § 163, provides that further relief may be granted on a declaratory judgment whenever necessary or proper. The further relief referred to means coercive relief. Borchard Declaratory Judgment 2d Ed. (p. 441); Dozier v. Troy Drive In Theatres, 258 Ala. 417, 63 So.2d 368. Having received a declaratory judgment defining his right to the refund, the taxpayer is not precluded from securing further relief from the same court of equity under Tit. 7, § 163, supra, because of the possible availability of a common law writ of mandamus. Section 163 of Title 7, supra, was intended as an ancillary remedial statute.

■ The Circuit Court heard testimony ore tenus concerning whether the taxpayer's operation was interstate or intrastate in nature. After a consideration of the evidence, we cannot find that the nisi prius court's conclusion as to these facts was palpably wrong. Its findings, therefore may not be disturbed. Carlisle v. Blackmon, 257 Ala. 599, 60 So.2d 332; Donald v. Reynolds, 228 Ala. 513, 154 So. 530. We, therefore, hold that the judgment of the Circuit Court of Montgomery County, in equity, is due to be, and is, hereby, affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.