111 So.2d 904

**James V. GARDNER**

**v.**

**Leroy N. STEVENS et al., Members of Board of Revenue and Road Commissioners, Mobile County.**

**I Div. 794.**

Supreme Court of Alabama.

Feb. 19, 1959.

Rehearing Denied May 21, 1959.

**214**

Vincent F. Kilborn and Benjamin H. Kilborn, Mobile, for appellant.

Jas. E. Moore, Mobile, for appellees.

MERRILL, Justice.

This is an appeal from an order of the circuit court denying a petition for writ of mandamus to the Board of Revenue and Road Commissioners of Mobile County, Alabama.

The appellant, pursuant to the provisions of Tit. 22, § 88, Code 1940, filed a written application with the Board of Revenue and Road Commissioners of Mobile County requesting permission to establish a cemetery on certain described property in Mobile County. The application was referred to the Mobile County Board of Health "for investigation from a sanitary standpoint." The board of health submitted a favorable report to the county governing body. Thereafter, a public hearing was held and, at the conclusion, the application for permission to establish the cemetery was denied. Appellant then filed, in the Circuit Court of Mobile County, a petition for an alternative writ of mandamus requesting that the county governing body be required to issue to appellant a license to establish a cemetery on the described site upon payment of the proper fees and charges. Appellant's petition, as amended, avers that the approval of the county governing body

is a mere ministerial function after the approval of the Mobile County Board of Health or, in the alternative, that the county governing body has abused its discretion and its disapproval of the application was arbitrary and capricious. A hearing was had with testimony taken orally before the trial court and the petition for writ of mandamus was denied.

The statute in question, Tit. 22, § 88, Code 1940, has not been construed by this court. It provides:

"Whenever it is proposed to locate a cemetery or to extend the boundaries of an existing cemetery, the party or parties so proposing shall make written application to the judge of probate and commissioners of the county, or to the mayor and council of an incorporated city or town, according to whether said cemetery, or extension of a cemetery, is to be located in the jurisdiction of one or the other of these authorities, describing accurately the location and boundaries of the proposed cemetery, or extension of a cemetery. Before acting upon the application, the judge of probate and commissioners of the county, or the mayor and council of an incorporated city or town, as the case may be, shall refer the application to the board of health of the county for investigation from a sanitary standpoint. In making such investigation the county board of health shall take into consideration the proximity of the proposed cemetery, or extension of a cemetery, to human habitations, the nature of the soil, the drainage of the ground, the danger of pollution of valuable springs and streams of water, and such other conditions and surroundings as would bear upon the sanitary aspect of the situation. Having completed its investigation as promptly as can be done, the county board of health shall submit a report to the judge of probate and commissioners, or to the mayor and council, as the case may be, and either approve or disapprove the ap-

lication. If the latter, the board shall set forth at length its reasons for such disapproval. Having received the report from the county board of health, the judge of probate and commissioners, or the mayor and council, as the case may be, shall either grant or deny the application, giving due weight in reaching either conclusion to the views expressed by the county board of health. Should the application be granted, the judge of probate and commissioners, or the mayor and council, as the case may be, shall issue to the party or parties making the application, and in such form as they may prescribe, a license to establish or extend, the cemetery in question. The said license shall, upon the payment of fifty cents by the party or parties making the application, be recorded in the office of the judge of probate of the county."

■ Appellant states in brief "It is the contention of the Appellant that the above statute makes approval by the appropriate governmental authority merely a ministerial function after an application has been approved by the board of health." We are unable to agree with this construction. If such were the case, there would be no necessity for filing the application with any authority other than the county board of health, and the county board of health would not be limited to an "investigation from a sanitary standpoint." The statute also provides that when the report is received from the board of health, the governing body "shall either grant or deny the application, giving due weight in reaching either conclusion to the views expressed by the county board of health." This seems to indicate clearly that the Legislature intended to vest discretion in the governing body to deny the application even if it were approved from a sanitary standpoint.

■ Appellant argues that a construction which gives discretion to the governing

body would render the statute unconstitutional. The question of the constitutionality vel non of § 88 was not raised in the lower court. The rule is that the constitutionality of a statute will not be decided in this court when the question was not presented in the lower court but was raised for the first time in a brief in this court. Riley v. Smyer, 265 Ala. 475, 91 So.2d 820, and cases therein cited. We therefore, pretermit any consideration of the constitutionality of § 88.

 Appellant also argues that the circuit court erred in allowing witnesses to testify who had not appeared before the board of revenue and road commissioners in the original hearing. Conceding, without deciding, that this be error, appellant is estopped to complain of it. Appellant, being the petitioner in the circuit court, introduced his evidence first, and the appellees objected and moved to exclude testimony offered by the appellant which had not been presented in the hearing before the county governing body. These objections and motions were overruled. The rule is that where the plaintiff first brought out testimony complained of, he cannot complain of the trial court's ruling admitting similar evidence introduced by the defendant. Bradford v. Birmingham Electric Co., 227 Ala. 285, 149 So. 729.

Having held that the statute confers upon the governmental authority the discretion either to grant or deny a petition for the establishment of a cemetery, the exercise of that discretion cannot be reviewed or revised by recourse to the writ of mandamus. Yeilding v. Bland, 184 Ala. 62, 63 So. 961; State ex rel. Ducourneau v. Langan, 149 Ala. 647, 43 So. 187; and while the exercise of the statutory discretion lodged with county governing bodies may be compelled by mandamus, the court will not direct the manner of the exercise of such discretion. State ex rel. City of Birmingham v. Board of Revenue of Jefferson County, 201 Ala. 568, 78 So. 964, and cases cited.

It follows that the circuit court did not err in denying the petition for writ of mandamus.

Affirmed.

SIMPSON, STAKELY, GOODWYN and COLEMAN, JJ., concur.