ROBERTSON, Judge.
This is a case involving the denial of a license to place a cemetery on certain land.
The appellant, R.A. Green, made an application with the Escambia County Commission (Commission) for a license to establish a cemetery on Green’s property in Es-cambia County. Green’s application was made pursuant to § 22-20-4, Code 1975.
*905 Also pursuant to § 22-20-4, the Commission referred the application to the Escam-bia County Board of Health for an investigation of the sanitary condition of the land. The Board of Health approved Green’s application.
However, the Commission denied Green’s application for a license. Consequently, Green petitioned for writ of mandamus in the circuit court, requesting that the Commission be ordered to issue Green a license for the purpose of establishing the cemetery. The Commission responded by filing a motion for summary judgment. The Commission’s motion alleged that there was no genuine issue of fact and that it was entitled to judgment as a matter of law.
The law cited by the Commission in support of its motion was § 22-20-4 and Gardner v. Stevens, 269 Ala. 213, 111 So.2d 904 (1959).
The circuit court granted the Commission’s motion and denied Green’s petition for writ of mandamus. Specifically, the trial court’s order provided:
“This case involves the construction and interpretation of § 22-20-4, of the Code of Alabama (1975). Gardner v. Stevens, 269 Ala. 213, 111 So.2d 904 (1959) deals with the construction of this code section and the facts in Gardner are substantially the same as the facts in the present case. In interpreting the effect of a favorable report from the health department, the Supreme Court of Alabama made the following observation:
“ ‘The statute also provides that when the report is received from the board of health, the governing body shall either grant or deny the application, giving due weight in reaching either conclusion to the views expressed by the county board of health. This seems to indicate clearly that the legislature intended to vest discretion in the governing body to deny the application even if it were approved from a sanitary standpoint.’ (Emphasis added.)
“It is clear that the granting of an application for a cemetery is a discretionary act of the Escambia County Commission and not merely a ministerial function. In Gardner, the court went on to state that while the exercise of the statutory discretion lodged with county governing bodies may be compelled by mandamus, the court will not direct the manner of the exercise of such discretion. In other words, the governing body can be forced to make a decision through the use of mandamus if they refuse to do so, but, once a decision is made by the county governing body, the exercise of that discretion cannot be reviewed or revised by recourse to the writ of mandamus.”
We find the trial court’s interpretation of the law and its order granting the Commission’s summary judgment motion to be absolutely correct. Our supreme court has clearly stated that the commission’s grant or denial of a cemetery license cannot be reviewed or revised by writ of mandamus. Gardner, at 906.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.