STEAGALL, Justice.
Pursuant to Ala.Code 1975, § 22-20-4, R.A. Green submitted an application to the judge of probate of Escambia County, Alabama, for a proposed cemetery to be located in the Pineview community in that county. Green’s application was then submitted to the Escambia County Health Department for approval; the Health Department approved the application and returned it to the judge of probate. The application, along with the Health Department’s favorable recommendation, was submitted to the Escambia County Commission for a vote of approval; the Commission, however, disapproved Green’s application and denied him a license to operate a cemetery.
Green challenged the Commission’s actions and subsequently filed a petition for writ of mandamus in the circuit court, seeking an order to force the Commission to issue him a license to operate a cemetery. Green contended that the Commission had failed to give due consideration to the Health Department’s recommendation, thereby violating § 22-20-4, and that the Commission had unreasonably, arbitrarily, and capriciously denied his application. The trial court entered a summary judgment in favor of the Commission, relying on the case of Gardner v. Stevens, 269 Ala. 213, 111 So.2d 904 (1959), which held that mandamus will not lie to review the exercise of discretion conferred by statute upon city and county governing bodies to grant or deny an application for permission to establish or extend a cemetery.
Green appealed to the Court of Civil Appeals, 586 So.2d 904 (1990), which affirmed the summary judgment. Green petitioned this Court for a writ of certiorari, which was issued.
Initially, we point out that although Green filed a petition for a writ of mandamus with the trial court, that court reviewed the case on the merits and disposed of the case by issuing a summary judgment in favor of the Commission; the trial court failed to rule on the writ of mandamus. When Green appealed to the Court of Civil Appeals, he did not renew his petition for a writ of mandamus; thus, that court addressed only the summary judgment issue. For these reasons, we must confine our review of this case to the issue of whether the summary judgment, under these facts, was proper.
As we have stated on many occasions, a summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. Once the moving party has made a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to provide “substantial evidence” in support of his position. Ala.Code 1975, § 12-21-12; Rule 56, *907 A.R.Civ.P.; Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990); Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989). The trial court is required to view all of the evidence offered by the moving party, the Commission, in support of its motion in the light most favorable to the nonmovant, Green. Han-ners and Bass.
In his affidavit, Green states that at the Commission meeting the Commission did nothing to indicate that it considered the Health Department’s favorable report and that it gave no reason for its denial of his application. Green argues that these facts support his contention that the Commission violated § 22-20-4 and acted unreasonably, arbitrarily, and capriciously in denying his application.
Section 22-20-4 provides, in pertinent part:
“Having completed its investigation as promptly as can be done, the county board of health shall submit a report to the judge of probate and county commission, or to the mayor and council, as the case may be, and either approve or disapprove the application. If the latter, the board shall set forth at length its reasons for such disapproval. Having received the report from the county board of health, the judge of probate and county commission or the mayor and council, as the case may be, shall either grant or deny the application, giving due weight in reaching either conclusion to the views expressed by the county board of health. Should the application be granted, the judge of probate and county commission or the mayor and council, as the case may be, shall issue to the party or parties making the application, and in such form as they may prescribe, a license to establish or extend the cemetery in question.”
(Emphasis added.)
In his affidavit, Thomas Fields, chairman of the Escambia County Commission, says that the Commission “gave due weight to the determination made by the County Health Department.” However, Fields does not reveal the Commission’s reasons for denying Green’s application. The record before us does not provide the Commission’s reasons for denial, nor does it indicate that the Commission even provided reasons for its disapproval of the applica-' tion. The only semblance of a reason for denial is found in Green’s affidavit, which states that “members of the Escambia County Commission made statements to the effect that this is a democratic society and since the majority of people in attendance are opposed to the establishment of the proposed cemetery, the application must be denied.” Green contends that the Commission’s actions were unreasonable, arbitrary, and capricious.
Based on the evidence before us, we must conclude that the summary judgment was premature. The two affidavits alone present a genuine issue of material fact regarding whether the Commission gave due consideration to the Health Department’s report. In addition, it appears that the Commission has failed to substantiate its actions. Thus, the judgment of the Court of Civil Appeals is reversed and this cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.