George E. Mingledorff, Acting Commissioner of Revenue for the State of Alabama (State Revenue Commissioner), appeals from an order setting the amount of a tax refund owed to the Falkville Downtown Rehabilitation Authority (Falkville). The facts are undisputed.
Falkville is a downtown redevelopment authority that was incorporated in 1987 pursuant to §§ 11-54A-1 through -24, Ala. Code 1975. On November 17, 1987, Falkville purchased two parcels of land (properties) from National Healthcare of Falkville, Inc. These properties were leased by Falkville to AGE, Inc., for the operation of a nursing home.
In early 1989, Charles Howard, Morgan County Revenue Commissioner (County Revenue Commissioner), notified Falkville that there was an ad valorem tax arrearage on the properties for the 1988 tax year, and that the properties were subject to sale to satisfy the unpaid tax. On May 3, 1989, Falkville paid the tax and accompanying penalties on the properties in the amount of $12,353.63.
On April 5, 1990, Falkville filed a complaint against the County Revenue Commissioner in the Morgan County Circuit Court, requesting the trial court to (1) declare the properties exempt from taxation pursuant to § 11-54A-14, Ala. Code 1975, without the need to affirmatively claim an exemption for those properties; (2) enjoin the County Revenue Commissioner from assessing or collecting any further tax on the properties for the 1989 tax year and beyond; and (3) direct the County Revenue Commissioner to refund the tax and penalties that Falkville had paid on the properties for the 1988 tax year.
On April 12, 1990, Falkville paid the tax and penalties assessed against the properties for the 1989 tax year in the amount of $12,191.66.
On May 7, 1990, the County Revenue Commissioner filed an answer denying that the properties were exempt, denying that Falkville was due a refund for the 1988 tax year, and denying that the assessment of ad valorem tax on the properties for the 1989 tax year was illegal. As an affirmative defense, the County Revenue Commissioner stated that "ONE THOUSAND NINE HUNDRED THIRTY-ONE AND 02/100 DOLLARS ($1,931.02) of the ad valorem taxes paid by [Falkville] for the tax years 1988 and 1989 were collected for and paid over to the State of Alabama." Therefore, the County Revenue Commissioner contended, the State Revenue Commissioner was a necessary party to the proceedings.
Falkville filed an amended complaint on May 15, 1990, (1) seeking a refund of the taxes and penalties that it had paid on the properties for the 1989 tax year, bringing the total amount claimed against the County Revenue Commissioner to $24,545.29, less any sums that the County Revenue Commissioner had paid over to the State Revenue Commissioner; (2) adding the State Revenue Commissioner as a party; and (3) demanding a refund of the tax that the County Revenue Commissioner had paid over to the State Revenue Commissioner on Falkville's properties.
On July 11, 1990, the State Revenue Commissioner filed an answer, contending that Falkville could not receive a refund of the ad valorem tax paid for either the 1988 or the 1989 tax years unless it had claimed an exemption for that tax pursuant to § 40-7-10, Ala. Code 1975. The State Revenue Commissioner requested the trial court to determine whether Falkville had affirmatively claimed an ad valorem tax exemption. *Page 832 
On February 19, 1991, Falkville filed a motion for summary judgment on all counts of its complaint. On March 4, 1991, the County Revenue Commissioner filed a cross-motion for summary judgment. In the memorandum in support of his motion, the County Revenue Commissioner conceded that a downtown redevelopment authority is not required to claim an exemption from the ad valorem tax on its property. However, the County Revenue Commissioner contended that, because Falkville did not own the properties on October 1, 1987, the date of the assessment for the 1988 tax year, the ad valorem tax on the properties was still due as to that year. Furthermore, the County Revenue Commissioner contended that Falkville's tenant, AGE, Inc., had paid the ad valorem tax on the properties for the 1989 tax year; therefore, AGE, Inc., would be the proper recipient of any refund due for that year.
On March 18, 1991, the State Revenue Commissioner also filed a cross-motion for summary judgment, reiterating his position that Falkville was only due an exemption from the ad valorem tax if it had affirmatively filed for such, citing §§ 40-7-6
and -10, Ala. Code 1975.
On August 23, 1991, following oral arguments on the motions for summary judgment, the trial court, inter alia, entered a judgment in favor of Falkville for the 1989 tax year, but entered a judgment against Falkville for the tax year 1988.
On September 11, 1991, the County Revenue Commissioner filed a motion pursuant to Rule 59(e), Ala.R.Civ.P., requesting "specific instructions as to the proper disposition of any refund ordered." This motion was deemed denied by operation of law on December 11, 1991. Rule 59.1, Ala.R.Civ.P. None of the parties appealed from the August 23, 1991, judgment.
On September 1, 1992, and June 14, 1993, Falkville filed motions requesting that the trial court set a hearing for a determination as to the proper amount of the refund. On August 16, 1993, following oral arguments at which only attorneys representing Falkville and the County Revenue Commissioner were present (although notice of the hearing had been sent to the State Revenue Commissioner), the trial court directed the State Revenue Commissioner to pay Falkville a refund of its 1989 ad valorem tax in the amount of $2,011.31 and directed the County Revenue Commissioner to pay Falkville a refund of its 1989 ad valorem tax in the amount of $10,180.35.
The State Revenue Commissioner filed a notice of appeal on September 23, 1993. The only issue raised in this appeal is whether §§ 40-7-6 and 40-7-10, Ala. Code 1975, require a taxpayer with a statutory exemption from ad valorem taxation to first claim the exemption before said exemption can be taken. However, for the reasons stated below, we hold that this court lacks jurisdiction to decide this issue.
The trial court's order of August 16, 1993, from which the State Revenue Commissioner appeals, did not address the issue of liability, but merely set the amount of the refund, a ministerial act. The issue of liability, to which the State Revenue Commissioner's contention is directed, was determined by the trial court's judgment entered on August 23, 1991.
Our supreme court has held:
 "The declaration of right rendered on [August 23, 1991], fully ascertained and declared the rights of the parties and settled the equities. It resolved all the issues then before the Court and provided for no further proceedings. It was, therefore, a final decree. Ex parte Sparks, 254 Ala. 595, 49 So.2d 296; Carter v. Mitchell, 225 Ala. 287, 142 So. 514; O'Rear v. O'Rear, 227 Ala. 403, 150 So. 502; Moorer v. Chastang, 247 Ala. 676, 26 So.2d 75; The rendition of a supplemental decree does not divest a prior final decree of its finality. As was stated in 30 C.J.S., Equity, § 582, page 975:
 'The court cannot, by its subsequent action, divest a decree of its character of finality. A final decree is not rendered interlocutory by the retention of the case on the docket, nor by the subsequent rendition of another decree therein.'
 "Having elected to take no appeal from the [judgment of August 23, 1991], the *Page 833 
State Department of Revenue lost its right of appeal [on the issue of liability]. Our consideration, is accordingly limited to the trial court's [order of August 16, 1993], from which this appeal is prosecuted. [Citations omitted.]"
Horn v. Dunn Brothers, Inc., 262 Ala. 404, 408, 79 So.2d 11, 15
(1955). In this case, the trial court's 1991 judgment resolved the issues then before the court, and its judgment as to liability was final. Id.
The State Revenue Commissioner's failure to file a timely notice of appeal from the August 23, 1991, judgment deprives this court of jurisdiction over the issue raised.Horn. The only issue that properly could have been raised by the State Revenue Commissioner in this appeal would have concerned the amount of the refund set in the August 16, 1993, order. Horn. This issue was not raised, consequently, the trial court's judgment is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.