LYONS, Justice.
The plaintiff below, Willie “Omar” Smith, appeals from the Mobile Circuit *335 Court’s dismissal of his breach-of-contract action against Jack Tillman, sheriff of Mobile County, based on Tillman’s immunity. We reverse and remand.

I. Facts and Procedural Background

In 2002, Smith, an employee of the Mobile County Sheriffs Department, sued Tillman, in both his individual capacity and his official capacity as sheriff of Mobile County, in the United States District Court for the Southern District of Alabama. The action asserted claims under 42 U.S.C. §§ 1981 and 1983, as well as claims under 42 U.S.C. § 2000e, also known as Title VII of the Civil Rights Act of 1964 (“Title VII”). The case was assigned to a United States Magistrate Judge for mediation, and at mediation a settlement was reached.[1] Smith agreed to dismiss his action in exchange for Tillman’s promoting Smith and providing him with certain employment benefits. All parties to the settlement understood that Tillman could not fulfill the conditions of the settlement agreement until October 2003, the beginning of the fiscal year for the sheriffs department. Because a settlement had been reached, the United States District Court entered an order dismissing the action but allowing it to be reinstated within 45 days of its dismissal.
Smith says that in October 2003, more than 45 days after the district court’s dismissal of the action, he first learned that Tillman was in breach of the settlement agreement. Smith joined another action pending against Tillman in the United States District Court for the Southern District of Alabama and sought enforcement of the settlement agreement. Relying on Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 381, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (holding that the enforcement of a settlement agreement was more than a continuation of the prior action and requires a separate basis for jurisdiction), the United States District Court dismissed Smith’s claim on the ground that it alleged a breach of contract under state law, for which there was no independent basis for federal jurisdiction.
Smith then sued Tillman, in both his individual and official capacities, in the Mobile Circuit Court, averring a breach of the settlement agreement. Tillman filed a Rule 12(b)(6), Ala. R. Civ. P., motion to dismiss, claiming that as sheriff of Mobile County he was immune from suit in his official and individual capacities. The circuit court granted the motion to dismiss, stating that Smith’s “lawsuit in this case does not fall under any of the five exceptions to the sheriffs sovereign immunity. It is not for this Court to create a sixth exception.” Smith appeals.

II. Standard of Review

The standard of review of .an order granting a motion to dismiss was set out in Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993):
“On appeal, a dismissal is not entitled to a presumption of correctness.... The appropriate standard of review under Rule 12(b)(6) is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [the pleader] to relief.... In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [the plaintiff] may possibly prevail.... We note that a Rule 12(b)(6) dismissal is *336 proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.”

III. Analysis

The issue before this Court is whether a state official is barred from asserting the defense of sovereign immunity in a state court action seeking to enforce a settlement agreement between private parties in a Title VII action.[2] Smith argues that the dismissal was improper for two reasons. First, Smith argues, the settlement agreement arises under Title VII, which abrogates Tillman’s sovereign immunity. In the alternative, Smith argues, Tillman waived any affirmative defense to Smith’s federal action, including sovereign immunity, when he voluntarily entered into a settlement agreement.
Congress authorized civil actions against state officials under Title VII to enforce the substantive provisions of the Fourteenth Amendment to the United States Constitution. See Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). An action against a state or a state official to enforce the Fourteenth Amendment is not subject to the protection from immunity afforded to states by virtue of the Eleventh Amendment. Alabama State Docks Terminal Ry. v. Lyles, 797 So.2d 432, 436 (Ala.2001) (“There are only two conditions under which a state may be made a defendant in a federal court: 1) if the state has consented to be sued, by waiving its immunity or 2) if Congress has expressed a clear and unmistakable intent to make the state subject to suit, pursuant to Congress’s right to enforce the 13th, 14th, and 15th Amendments to the United States Constitution.”). Title VII claims are in that category of actions as to which a state has no immunity. See Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 279, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997) (describing Fitzpatrick v. Bitzer, supra, as “concluding that Title VII’s authorization of federal-court jurisdiction to award money damages against a state government to individuals subjected to employment discrimination does not violate the Eleventh Amendment since Congress was exercising its § 5 [of the Fourteenth Amendment] remedial powers”).
Smith contends that an action, such as this one, to enforce a settlement agreement in a Title VII action involves a prior waiver of immunity by the state official that cannot be recalled. Citing Klein v. Board of Regents of the University of Wisconsin System, 265 Wis.2d 543, 666 N.W.2d 67 (Ct.App.2003), Smith argues that his claim alleging breach of the settlement agreement arises under Title VII and that Tillman cannot claim sovereign immunity because he abrogated that claim by settling the federal action. In Klein, the Wisconsin court agreed with the reasoning of the United States Court of Appeals for the Seventh Circuit, in EEOC v. Liberty Trucking, 695 F.2d 1038, 1043 (7th Cir.1982), that “because the statutory scheme of Title VII is bottomed on the encouragement of voluntary compliance in the elimination of employment discrimination, enforcement of conciliation and predetermination settlement agreements must be part of the underlying Title VII actions,” thus abrogating a state official’s sovereign-immunity defense. 265 Wis.2d *337 at 552, 666 N.W.2d at 71-72 (emphasis added).
Tillman, however, argues that Klein is distinguishable because the settlement agreement in Klein was reached through EEOC administrative proceedings and was entered into before the lawsuit was filed. See Morris v. City of Hobart, 39 F.3d 1105, 1111-12 (10th Cir.1994) (“Turning to Title VII, we find no suggestion that Congress intended to confer federal question jurisdiction over contract disputes arising out of private settlements.... The jurisdictional grant embodied in Title VII states only that federal courts have jurisdiction over actions ‘brought under’ Title VII.... This case was brought under state contract law, not Title VII.” (footnote omitted)); Langley v. Jackson State Univ., 14 F.3d 1070, 1073 (5th Cir.1994) (“Dr. Langley cannot offer, and we cannot find, any indication that Congress has established an administrative structure evidencing its intent to provide a federal forum for private parties to enforce settlement agreements ending discrimination disputes after a lawsuit has been filed.”) (overruled in part on other grounds by Kokkonen, supra). We agree.
Morris acknowledges in footnote 4 that a number of courts have recognized that “suits involving the breach of conciliation agreements and predetermination settlement agreements negotiated by the Equal Employment Opportunity Commission are ‘brought under’ Title VII.” 39 F.3d at 1111 n. 4 (citing Brewer v. Muscle Shoals Bd. of Educ., 790 F.2d 1515 (11th Cir.1986); Eatmon v. Bristol Steel & Iron Works, Inc., 769 F.2d 1503 (11th Cir.1985); EEOC v. Henry Beck Co., 729 F.2d 301 (4th Cir.1984); EEOC v. Safeway Stores, Inc., 714 F.2d 567 (5th Cir.1983); and EEOC v. Liberty Trucking Co., supra). Smith relies on the cases cited in footnote 4 of Mortis. However, because Smith has not alleged that the settlement agreement was one negotiated by the EEOC, and, to the contrary, attempts to enforce a settlement agreement reached in mediation proceedings between private parties, these cases are also inapposite. We agree with the United States District Court for the Southern District of Alabama that an action to enforce a settlement agreement reached between private parties in a Title VII action, as opposed to a prelitigation agreement involving the EEOC, does not arise under Title VII.
Smith also relies upon Texas A & M University-Kingsville v. Lawson, 87 S.W.3d 518 (Tex.2002), in which the Texas Supreme Court, enforcing a legislative abrogation of immunity, thwarted a state official’s attempt to renege on a settlement by a subsequent plea of immunity in an action to enforce the settlement. The Texas Supreme Court concluded:
“Lawson was therefore entitled to sue the University for violating the statute and if he prevailed, to hold the University liable. We agree with the trial court that when a governmental entity is exposed to suit because of a waiver of immunity, it cannot nullify that waiver by settling the claim with an agreement on which it cannot be sued. The government cannot recover waived immunity by settling without defeating the purpose of the waiver in the first place.”
87 S.W.3d at 521 (emphasis added). Lawson is distinguishable, as Tillman points out, by reason of the unique provisions of Texas law at issue in that case for which there are no Alabama counterparts. However, deciding that the settlement agreement does not arise under Title VII and that Lawson is distinguishable does dispose of the question whether, under appli *338 cable state law on sovereign immunity,[3] Tillman can assert sovereign immunity in a subsequent action brought by Smith in state court to enforce the settlement agreement.
Tillman, in response to Smith’s contention that sovereign immunity is unavailable to him under state law, contends that an action to enforce a settlement agreement, into which a state official voluntarily entered, does not fall under one of the five legislative exceptions to sovereign immunity recognized in Parker v. Amerson, 519 So.2d 442 (Ala.1987). In Parker, this Court recognized the following exceptions to sovereign immunity:
“A sheriff is an executive officer of the State of Alabama, who is immune from suit under Article I, § 14, Alabama Constitution of 1901, in the execution of the duties of his office, except for actions brought (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.”
519 So.2d at 442-43 (emphasis added). Tillman argues that because his refusal to perform under the terms of the settlement agreement does not fall within one of these five exceptions Smith cannot bring an action against him to enforce the Title VII settlement agreement. We disagree.
Turning to the availability to Tillman of immunity under state law, we conclude that, by entering into a contract, in this case the settlement agreement, Tillman incurred a duty to perform a ministerial act. See State of Alabama Highway Dep’t v. Milton Constr. Co., 586 So.2d 872, 875 (Ala.1991) (“Once the Highway Department has legally contracted under state law for goods or services and accepts such goods or services, the Highway Department also becomes legally obligated to pay for the goods or services accepted in accordance with the terms of the contract. It follows that this obligation is not subject to the doctrine of sovereign immunity and is enforceable in the courts.”). See also Horn v. Dunn Bros., Inc., 262 Ala. 404, 408, 79 So.2d 11, 15 (1955) (“When State officers are required to perform ministerial acts, they derive no comfort or immunity from Section 14[, Ala. Const.1901].”) (citing Curry v. Woodstock Slag Corp., 242 Ala. 379, 6 So.2d 479 (1942), and State v. Clements, 217 Ala. 685, 117 So. 296 (1928)). This exception to immunity is consistent with the grounds stated in Ex parte Cranman, 792 So.2d 392, 405 (Ala.2000), upon which Smith relies, which provide that immunity is not available for Tillman’s willful action contrary to federal or state law or beyond his authority.
The settlement agreement imposed upon Tillman a contractual duty to carry out certain ministerial acts in accordance with its terms. Tillman’s failure to comply with the contractual duties imposed by the settlement agreement is not insulated from litigation by the protections afforded government officials in § 14, Ala. Const.1901. Therefore, under the second exception to immunity established in Parker, Smith may sue Tillman to enforce the Title VII settlement agreement.

Conclusion

The judgment dismissing Smith’s complaint based on the defense of sovereign *339 immunity is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NABERS, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.

. It is not immediately clear whether the settlement agreement disposed of the §§ 1981 and 1983 claims in addition to the Title VII claims. Smith characterizes -the settlement agreement as a “Title VII agreement,” but Tillman notes that -he has not abrogated any sovereign-immunity defense with regard to the §§ 1981 and 1983 claims.

. An action under Title VII, not involving the United States as a party, is considered to be an action "between private parties," notwithstanding that one of those parties may be a governmental entity other than the United States. See generally Morris v. City of Hobart, 39 F.3d 1105 (10th Cir.1994) (discussing the circumstances under which a settlement agreement between “private parties” may be enforced in a federal court).

. Tillman does not contend that federal law makes him immune from the liability he accepted in the settlement. We therefore need not address the issue whether the settlement of the federal action had any res judicata effect on the issue of immunity.