This appeal from the denial of a Rule 60(b), A.R.Civ.P., motion for relief from judgment presents two issues. Because we resolve the procedural issue, involving the propriety of a Rule 60(b) motion, in favor of the appellant, we must also address the substantive issue involving the enforcement of a settlement agreement.
Forrest Ingram sued Sam Pollock on October 14, 1987, alleging fraud. During the pendency of the suit, counsel for the parties corresponded regarding the terms and conditions of a possible settlement agreement. A dispute arose over whether the proposed but unexecuted document was a valid and enforceable settlement agreement. This dispute resulted in Pollock's filing a motion to enforce the terms of the settlement agreement on March 29, 1988, which motion was granted in the trial court's "judgment" on May 16, 1988.
On May 23, 1988, Ingram filed a Rule 59(e), A.R.Civ.P., motion to alter, amend, or vacate the trial court's judgment of May 16, and a hearing on this motion was set for June 30, 1988. The hearing was twice reset, once due to the hospitalization of the trial judge and once due to schedule conflicts on the part of Pollock's lawyer, but it was finally held on September 21, 1988, at which time the trial court denied Ingram's Rule 59 motion.
On October 20, 1988, Ingram appealed the judgment and the denial of his post-judgment motion, and Pollock filed a motion to dismiss the appeal on February 15, 1989. This Court refused to dismiss the appeal, but remanded the cause to the trial court on March 30, 1989, for entry of an appealable final order. However, before the trial court could act upon the March 30 order, this Court reconsidered its ruling and held that the order appealed from was final and that the time for filing a post-judgment motion or an appeal ran from May 16, 1988. Holding that Ingram's notice of appeal was untimely filed, we granted Pollock's motion to dismiss the appeal on April 24, 1989, but stated that the dismissal was "without prejudice to [Ingram] to file a motion in the trial court for relief from judgment pursuant to Rule 60, A.R.Civ.P., or any other appropriate post-judgment motion." *Page 1200 
On May 8, 1989, Ingram filed a motion for relief from judgment pursuant to A.R. Civ.P. 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect") and 60(b)(6) ("any other reason justifying relief from the operation of the judgment"). This motion was denied by the trial court on May 15, 1989, and Ingram appeals from that order.
The trial court, in its judgment of May 16, 1988, stated that the parties to this fraud action "have agreed to submit to the court for its decision the question of whether or not [Pollock] is entitled to have his motion to enforce a settlementagreement granted," and that the parties agreed to submit this question to the court "on affidavits and memos to the court." The court then held that the parties had reached a valid settlement agreement, that Pollock was entitled to the enforcement of the agreement, and that, upon notice to the trial court "that the settlement has been consumated, . . . the court [would] then dismiss this case with prejudice."
As grounds for his Rule 59(e) motion to alter, amend, or vacate this judgment ordering enforcement of the settlement agreement, Ingram argued that the judgment was "contrary to established law in Alabama, in particular Ala. Code 1975, §34-3-21," and that Pollock had not cited any law contrary to Ingram's contentions. The hearing on Ingram's Rule 59(e) motion was twice continued, once because of the hospitalization of the trial judge and once at the instant of Pollock's counsel, but the parties did not make an express consent to these delays a part of the trial court record; therefore, Ingram's Rule 59(e) motion was denied by operation of law after having been pending in the trial court for 90 days. Rule 59. 1, A.R.Civ.P. It is important to note that the circumstances surrounding the two continuances of the hearing on Ingram's Rule 59(e) motion were made a part of his grounds for relief in his subsequent Rule 60(b) motion.
This appeal from the denial of Ingram's Rule 60(b) motion, then, presents two distinct issues — one procedural and one substantive. With regard to the procedural problem, we hold that, under the peculiar circumstances of this case, the Rule 60(b) grounds provide a valid basis for review of the substantive grounds for relief as requested. Although not sufficient to cut off or to extend the operation of Rule 59.1, Ingram's arguments do provide valid grounds for Rule 60(b) relief. And, because of the valid grounds, we entertain Ingram's Rule 60(b)(1) motion as a vehicle to review his substantive issue on appeal: the validity of the underlying judgment ordering enforcement of the settlement agreement.
We commence our analysis of Ingram's substantive issue by reviewing the evidence of record before the trial judge: the pleadings, the supporting affidavits of Ingram and his lawyer, the correspondence between counsel for the parties during negotiation of the settlement agreement, and a portion of the documents reflecting the financial transactions that had taken place between the parties. Bearing in mind that we review this evidence without any presumption of correctness, the trial judge not having taken any oral testimony (see, e.g.,Bownes v. Winston County, 481 So.2d 362 (Ala. 1985), and cases cited therein), we hold that the record is clear that there was no "meeting of the minds" with regard to the final terms and execution of a valid and binding settlement agreement.
When the last draft of the settlement agreement was forwarded to Ingram's lawyer, Ingram refused to sign the agreement because it was discovered that Pollock's lawyer had drafted the provisions of the settlement agreement in terms of Canadian dollars. Ingram, however, had anticipated that any agreement the parties reached would be based on United States currency. This discrepancy between the parties' understandings of the ultimate terms of the settlement agreement was of no little consequence and, as a result, there was no meeting of the parties' minds, nor was there a validly executed settlement agreement. The trial court erred, as a matter of law, in granting Pollock's motion to enforce the settlement agreement. *Page 1201 
For the foregoing reasons, we reverse the trial court's judgment granting Pollock's motion to enforce the settlement agreement, and we remand this cause for further proceedings on the underlying cause of action for fraud.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.