661 So.2d 662 (1995)
SOUTHWEST GAMING SERVICES OF LOUISIANA, Plaintiff-Appellee,
v.
CADDO-SHREVEPORT SALES AND USE TAX COMMISSION, Defendants-Appellants.
REPUBLIC CORPORATE SERVICES, INC., Plaintiff-Appellee,
v.
CADDO-SHREVEPORT SALES AND USE TAX COMMISSION, Defendants-Appellants.
Nos. 27,335-CA, 27,336-CA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1995.
Richard Barham, Shreveport, for Appellant, Caddo-Shreveport Sales & Use Tax Commission.
*663 Michael H. Wainwright, Shreveport, for Appellee, Southwest Gaming Services of America.
John R. D'Anna, Shreveport, for Appellee, Republic Corporate Services Inc.
Before NORRIS and BROWN, JJ., and PRICE, J. Pro Tem.
BROWN, Judge.
These cases, consolidated in the trial court, challenged the right of local government to tax the sale of video draw poker machines. The court below held that plaintiffs were exempt from parish and city sales taxes. The Caddo-Shreveport Sales & Use Tax Commission appeals.
Southwest Gaming Service of LA ("Southwest") is a licensed operator of video poker machines. On March 15, 1994, Southwest was notified that it owed $12,071.92 in delinquent taxes, penalties, and interest stemming from their purchase of video gaming devices to be placed in various locations. Republic Corporate Services, Inc. ("Republic") is a video poker machine distributor. On June 14, 1994, Republic was notified that it owed taxes, penalties and interest in the amount of $76,983.01 related to their sale of video gaming devices. These assessments were paid under protest.
LSA-R.S. 33:4862.14 reads as follows:
Video draw poker devices or similar devices licensed and permitted pursuant to this Part are exempt from taxes, fees, and licensing restrictions imposed by any governmental entity, except that a local governing authority may levy an occupational license tax on the operation of video draw poker devices within its jurisdiction in an amount not to exceed fifty dollars per device.
The obvious legislative purpose behind LSA-R.S. 33:4862.1 et seq was to provide a comprehensive framework for the regulation of the video poker industry, vesting regulatory powers exclusively in the video gaming division of the state police. The clear import of LSA-R.S. 33:4862.14 is the prevention of defacto regulation of the video poker industry by local municipalities through the assessment of taxes and fees for the privilege of operation.
A sales or use tax, equally applicable to non-gaming merchandise, is not imposed on the machines themselves, but rather, on an event incident to their introduction into commerce or their initial use. A one-time sales and use tax does not allow a municipality to exercise control over an industry otherwise regulated by the state. We find no usurpation of the state police's regulatory authority in the assessment of a one-time sales and use tax by a local municipality. Accordingly, we reverse the trial court's ruling ordering a refund of the sales taxes, penalties, and interest submitted by Southwest and Republic. Costs are assigned to plaintiffs.
REVERSED.
NORRIS, J., concurs in the result with written reasons.
NORRIS, Judge, concurring.
I respectfully concur with the result reached by the majority. I write separately because I question three aspects of the majority's analysis. First, it is wrong to reach for the "import" of R.S. 33:4862.14 before reading the statute for its plain meaning. See La.C.C. art. 9. Second, there is no legislative history of this statute, thus providing no basis for the majority's inference of its "clear import." Third, the majority does not explain how it reaches a result contrary to Attorney General Opinion No. 92-589 (October 8, 1992), reaffirmed in Attorney General Opinion No. 93-186 (March 22, 1993), and quoted with approval by Oreck, Louisiana Sales & Use Tax (1995 Cum.Supp.), § 9.6.
However, it is well established that tax exemptions are narrowly construed; for one to apply, the person claiming it must establish it clearly, unequivocally and affirmatively. Bill Roberts Inc. v. McNamara, 539 So.2d 1226 (La.1989); McNamara v. Central Marine Serv. Inc., 507 So.2d 207 (La.1987). A use tax applies to the use of property, not to the property itself. BP Oil Co. v. Plaquemines Parish Govt., 642 So.2d 1230 (La. 1994). Sales and use tax is also considered to affect the privilege of selling or purchasing *664 and using or consuming the personal property. Reed v. City of New Orleans, 593 So.2d 368 (La.1992).
Against this backdrop, R.S. 33:4862.14 states only that video poker machines "are exempt from taxes, fees, and licensing restrictions imposed by any governmental entity[.]" In a loose sense, this provision would seem to exempt the sales and use of video poker machines from tax. However, strict construction is mandated, and the exemption is by no means clear. Other statutes creating exemptions from the sales and use tax (see R.S. 47:305.1 through 305.49) specifically state that the exemption is from the sale or use of the described property, or from the tax created by R.S. 47:301 and 302. This is the type of language the legislature uses when it seeks to create the exemption. It is not present in 33:4682.14. Further, the instant statute permitted the Attorney General in Op. 93-186 to declare video poker devices exempt from sales and use taxes but not from ad valorem tax, R.S. 47:1951, which is obviously a tax on property. This suggests a lack of clarity in the statute itself. The applicability of R.S. 33:4862.14 to the transactions involved herein is not clearly and unequivocally shown. Bill Roberts Inc. v. McNamara, supra.
For these reasons, I would reverse the judgments of the district court at appellees' cost. I concur in the majority's result.