YATES, Judge.
Roger Dale Cupps appeals from an order requiring him to surrender certain property to the Walker County circuit clerk to be sold to satisfy his obligation to pay alimony in gross to his former wife, Judy Gail Cupps.
On August 18, 1993, the trial court divorced the parties, incorporating into the final divorce judgment an agreement of the parties whereby the wife was to receive, among other things, $450,000 as alimony in gross. The husband was to pay $150,000 of the alimony by August 15, 1993, and the remaining $300,000 by July 15, 1994. Pursuant to the agreement, the trial court granted the wife an equitable lien in all personal and real property in which the husband owned an interest; that lien would dissolve when the husband had paid all alimony in gross owed to the wife. The husband’s substantial property holdings included, among other things, a 1971 Beechcraft airplane, a lake house, and a 650 Reich drill.
It appears that the husband timely paid $150,000 of the alimony in gross and that he made no other payment until February 1995. *891 At that time, he paid $42,500, pursuant to a court order, and the wife released some of his real property in return.
On May 5, 1995, the wife moved the court to order the husband to surrender property to the court for sale and to apply the proceeds to the alimony arrearage. The trial court granted the motion and ordered the husband to vacate the lake house and to refrain from any activity involving the 1971 Beecher aft airplane and to surrender the lake house and airplane to the clerk of the court, directing the clerk to sell the property and to apply the proceeds to the alimony arrearage, which, at that time, amounted to $280,205.48, including interest. The court further ordered that if the proceeds from the sale of the lake house and the airplane were insufficient to pay the balance owed, then the husband was to surrender the 650 Reich drill to the clerk of the court, who would then sell it and apply the proceeds to the balance owed.
The husband appeals, arguing: (1) that the trial court found him to be in contempt without affording him an opportunity to be heard; (2) that the trial court found him to be in criminal contempt and, therefore, erred in awarding the wife an attorney fee; (3) that the trial court did not comply with Rule 65, Ala.R.Civ.P., when it enjoined his activities in relation to the surrendered property; and (4) that the wife waived her right to receive full payment of the alimony in gross before releasing any property from the equitable liens she holds.
The issues raised concerning contempt stem from the portion of the trial court’s order stating:
“The Court finds that the willful diso-beyance of the Court’s Order by the [husband] has required the [wife] to bring this motion to enforce its order and that the [wife] is entitled to reimbursement of expenses and attorney fees for her counsel ... and the Court affixes such compensation at $2000, which shall be paid by the [husband] within ten (10) days of the issuance of this order.”
(Emphasis added.) The husband argues that the trial court found him to be in criminal contempt of the final divorce judgment without affording him an opportunity to be heard, as required under his state and federal rights to due process. See Lee v. Lee, 608 So.2d 1383 (Ala.Civ.App.1992). He primarily relies upon Rule 70A(a)(2)(C)(ii), Ala.R.Civ.P., which defines “criminal contempt” as “[w]illful disobedience or resistance of any person to a court’s lawful ... order ... where the dominant purpose of the finding of contempt is to punish the contemnor.” (Emphasis added.)
Although the trial court’s order contains a phrase similar to that used in Rule 70A(a)(2)(C)(ii), it does not necessarily follow that the trial court found the husband to be in criminal contempt. The wife’s motion did not request the trial court to find the husband to be in contempt, and the trial court made no finding of contempt in its order. We conclude that the trial court was merely expressing its rationale for awarding the wife an attorney fee. Whether to award an attorney fee is within the discretion of the trial court, and the court’s ruling in that regard will not be reversed absent an abuse of that discretion. Shirley v. Shirley, 600 So.2d 284 (Ala;Civ.App.1992). Nothing in the record indicates that the trial court abused its discretion in awarding the fee. We hold that the husband’s arguments concerning contempt are irrelevant to our review of the trial court’s actions in this case.
We also note that the trial court in issuing its order acted within Rule 70, Ala. R.Civ.P., which recognizes the trial court’s authority to use its inherent power to enforce a settlement agreement approved by that court. Ala.R.Civ.P. 70, Committee Comments (citations omitted); 7 James W. Moore et al., Moore’s Federal Practice ¶ 70.02 (2d ed. 1971). The final divorce judgment incorporated a settlement agreement that gave the wife an equitable lien against all of the husband’s personal and real property and that required him to pay all alimony in gross by July 15, 1994. The husband failed to abide by the settlement agreement; the trial court enforced the lien and ordered that the proceeds from the sale of the property be used to satisfy the debt owed to the wife.
*892 The husband next argues that the trial court did not comply with Rule 65, Ala.R.Civ.P., when it enjoined his activity in relation to the property. In particular, he argues that the trial court violated Rule 65(d)(2), Ala.R.Civ.P., specifically that it did not provide sufficient justification for the in-junctive relief and did not afford him an opportunity to be heard.
Before a judgment is entered, the remedies provided under Rule 65 are available to a party; after a trial court has entered a judgment, however, Rule 70 comes into play. 2 Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated 461 (2d ed. 1986); 7 James W. Moore et al., Moore’s Federal Practice ¶ 70.02 (2d ed. 1971); 12 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3021 (1973). Rule 70 does not require that the trial court afford the disobedient party a hearing or that the trial court include any particular information in an order granting the remedy provided for in the rule. Because the wife clearly sought a remedy for the husband’s failure to comply with the final divorce judgment, Rule 70 applies in this case. Accordingly, the trial court did not err in failing to follow the requirements of Rule 65(d)(2).
The husband also argues that the trial court erred in holding that the wife retained an equitable lien in all of his property until the lake house and plane were sold and the alimony in gross paid from the proceeds. He contends that the wife had previously released some of his property in exchange for $42,500 in February 1995 and that her release of property at that time should be deemed to be a waiver of her lienholder status.
The husband’s' notice of appeal clearly indicates that he is appealing the order entered on May 30, 1995 — not an adjudication made before or after that time. The arguments he makes concerning this issue rely exclusively upon evidence not before the trial court when it entered the May 1995 order; therefore, we cannot consider any of the evidence the husband relies on. West v. West, 469 So.2d 610 (Ala.Civ.App.1984). Accordingly, we hold that the trial did not err.
The wife’s request for an attorney fee on appeal is granted in the amount of $1500.
AFFIRMED.
ROBERTSON, P.J., and CRAWLEY, J., concur.