*695 MURDOCK, Justice
(concurring in the rationale in part and concurring in the result).
I concur in the result, but I respectfully disagree with two aspects of the majority’s analysis.
First, in Holiday Isle, LLC v. Adkins, 12 So.3d 1173, 1176 (Ala.2008), this Court stated:
“We find the rule applied by the United States Supreme Court in similar situations to be persuasive: We review the District Court’s legal rulings de novo and its ultimate decision to issue the preliminary injunction for abuse of discretion.’ Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418, 428, 126 S.Ct. 1211, 163 L.Ed.2d 1017 (2006); see also Justice Murdock’s special writing while sitting as a judge on the Court of Civil Appeals in City of Dothan v. Eighty-Four West, Inc., 871 So.2d 54, 60 (Ala.Civ.App.2003) (Murdock, J., concuri’ing specially on application for rehearing) (cited with approval in McGlathery v. Richardson, 944 So.2d 968, 970 (Ala.Civ.App.2006)). To the extent they conflict with our holding today, previous expressions such as the one found in TFT, Inc. v. Warning Systems, Inc., 751 So.2d 1238, 1241-42 (Ala.1999) (‘The applicable standard of review [of injunctive relief] depends on whether the trial court entered a preliminary injunction or a permanent injunction. A preliminary injunction is reviewed under an abuse-of-discretion standard, whereas a permanent injunction is reviewed de novo.’) are hereby overruled.”
Based on the rationale reflected and the authorities cited in this discussion in Holiday Isle and in the legal analysis that follows the citation to TFT, Inc. v. Warning Systems, Inc., 751 So.2d 1238 (Ala. 1999), in the main opinion here, I see no reason to continue repeating, and I believe we should disavow, the one-size-fits-all rule from TFT that “ ‘a permanent injunction is reviewed de novo.’ ” 40 So.3d at 692.
I also respectfully disagree with the notion expressed in the main opinion that the trial court’s March 6, 2009, order granting Ryan Price-Williams’s motion to enforce the settlement is an injunction. The majority appears to find it necessary to make this determination because it is hesitant to conclude that the appeal by Kappa Sigma Fraternity, Kappa Nu Chapter (“the chapter”), of the March 6, 2009, order is an appeal from a final judgment. I conclude that this hesitancy is unfounded and that the March 6, 2009, order of the trial court is not properly viewed as an injunction.
First, previous cases before this Court and the Court of Civil Appeals provide substantial physical precedent for the principle that rulings on motions to enforce a settlement agreement are appealable. See ' generally Cincinnati Ins. Cos. v. Barber Insulation, Inc., 946 So.2d 441, 449 (Ala. 2006) (addressing on its merits the appeal of an order enforcing a settlement agreement); Jones v. Stedman, 595 So.2d 1355 (Ala.1992) (affirming a trial court’s enforcement of a settlement of a will contest); Phillips v. Knight, 559 So.2d 564 (Ala.1990) (addressing on its merits the appeal of an order enforcing a settlement agreement); Contractor Success Group, Inc. v. Service Thrust Org., Inc., 681 So.2d 212, 214 (Ala.Civ.App.1996) (considering on its merits the appeal of a trial court’s “order holding the settlement agreement to be valid and enforceable and ordering that the parties execute the agreement and comply with it” (emphasis added)).
None of the cases involving an appeal of a trial court’s ruling enforcing a settlement agreement indicates that such a ruling implicates a trial court’s injunctive power or that such a ruling is interlocutory in nature. Instead, these cases are consistent with the principle that “ ‘[a] settlement *696 agreement once entered into cannot be repudiated by either party and will be summarily enforced.’ ” Mays v. Julian LeCraw & Co., 807 So.2d 551, 554 (Ala.Civ. App.2001) (quoting Nero v. Chastang, 358 So.2d 740, 743 (Ala.Civ.App.1978)). In summarily enforcing such a settlement agreement, a trial court exercises inherent power to do so based on the fact that the agreement has been made before the court. See generally § 34-3-21, Ala. Code 1975;[5] Rule 47, Ala. R.App. P.[6]
If this were not the case, but instead, as the main opinion suggests, such an order is properly viewed as an injunction, the order could be procured only upon proof of the four elements necessary for such equitable relief. Specifically,
“[t]o be entitled to a permanent injunction, a plaintiff must demonstrate [1] success on the merits, [2] a substantial threat of irreparable injury if the injunction is not granted, [3] that the threatened injury to the plaintiff outweighs the harm the injunction may cause the defendant, and [4] that granting the injunction will not disserve the public interest.”
TFT, 751 So.2d at 1242 (citations omitted), overruled on other grounds, Holiday Isle, 12 So.3d at 1176. I cannot conclude that this is the law. In short, a trial court’s order summarily enforcing a settlement agreement reached in a case pending before it is not an “injunction.”[7]
Accordingly, I also submit that the majority is incorrect in note 3 of its opinion to fault the chapter for failing to argue on appeal “the impropriety of injunctive relief based on the adequacy of a remedy at law.” 40 So.3d at 690. Before this Court’s decision today, the chapter was not fairly on notice that the trial court’s order constituted an “injunction”; the trial court did not discuss the elements of an injunction in its order, and neither party made any arguments concerning such elements before the trial court. Consequently, it comes as no surprise that the chapter did not argue on appeal that the trial court should not have entered injunctive relief, per se.
The trial court’s order requiring the chapter to execute the settlement agreement and to pay the settlement proceeds was simply part of its enforcement of the settlement agreement. The fact that the trial court ordered that the proceeds be paid by March 9, 2009 — three days after it *697 entered its order enforcing the settlement — and that the order stated that “[u]pon the consummation of the settlement ... this matter will be deemed dismissed with prejudice” did not transform its enforcement order into an injunction. A similar disposition occurred in Ingram v. Pollock, 557 So.2d 1199 (Ala.1989), yet the Court there did not question the finality of order appealed or indicate that the order was in the nature of an injunction.
In Ingram, the trial court had entered an order to enforce a settlement agreement and had stated, in language similar to the order in the present case, that upon notice that “ ‘the settlement has been consummated, ... the court [would] then dismiss the case with, prejudice. ’ ” 557 So.2d at 1200 (emphasis added). The plaintiff filed a Rule 59(e), Ala. R. Civ. P., motion, which was not ruled upon within 90 days. In concluding that the attempt to appeal following the expiration of the 90 days was untimely, this Court “held that the order appealed from was final and that the time for filing a postjudgment motion or an appeal” had run. 557 So.2d at 1199.
“A final judgment is an order ‘that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.’ Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990).” Lunceford v. Monumental Life Ins. Co., 641 So.2d 244, 246 (Ala.1994). The determination whether a judgment is final does not depend on the title of the order; “rather, the test of a judgment’s finality is whether it sufficiently ascertains and declares the rights of the parties.” Ex parte DCH Reg’l Med. Ctr., 571 So.2d 1162, 1164 (Ala.Civ.App.1990) (emphasis added) (citing McCulloch v. Roberts, 290 Ala. 303, 276 So.2d 425 (1973)). In McCulloch, the Court explained as follows:
“In Ex parte Elyton Land Co., 104 Ala. 88, 91, 15 So. 939 (1893), this court held that:
“ ‘... The test of the finality of a decree to support an appeal is not whether the cause remains in fieri, in some respects, in the court of chancery, awaiting further proceedings necessary to entitle the parties to the full measure of the rights it has been declared they have; but whether the decree which has been rendered, ascertains and declares these rights — if these are ascertained and adjudged, the decree is final, and will support an appeal.... ’
“Likewise, in Carter v. Mitchell, 225 Ala. 287, 293, 142 So. 514[, 519] (1932), the rule was stated as follows:
“ ‘The test of the finality of a decree sufficient to support an appeal is that it ascertains and declares the rights of the parties and settles the equities, and is not controlled by the fact that the cause remains in fieri in respect to other matters. [Citation omitted]’ “In Adams v. Sayre, 76 Ala. 509, 518
(1884), it was held that:
“ ‘No general rule can probably be stated, which would define accurately, for all possible emergencies, what constitutes the equities of every case. These equities embrace the substantial merits of the controversy — the material issues of fact and law litigated or necessarily involved in the cause, tohich determine the legal rights of the parties, and the principles by which such rights are to be worked out .... ’
[[Image here]]
“In Sexton v. Sexton, 280 Ala. 479, 482, 195 So.2d 531, 533 (1967), the rule was stated that:
“ ‘Equity decrees may be partly final and partly interlocutory. A decree which ascertains and declares the rights of the parties and settles the equities is a final decree, although it provides for further proceedings un *698 der the direction of the court in order to make the final decree effective, such decree is interlocutory and remains within the control of the court because as to such decree and further proceedings thereunder the cause remains in fieri. [Citations omitted]’
“See also Newton v. Ware, 271 Ala. 444, 124 So.2d 664 (1960), and Ex parte Sparks, 254 Ala. 595, 49 So.2d 296 (1950).”
290 Ala. at 305-06, 276 So.2d at 426-27
(emphasis added).
The trial court’s March 6, 2009, order settled the issues between the parties and was a final judgment. The fact that the chapter had not paid the settlement proceeds to Price-Williams does not change that there was “ ‘nothing for further adjudication’ ” before the matter could be heard on appeal. James v. Rane, 8 So.3d 286, 287 (Ala.2008) (quoting Cates v. Bush, 293 Ala. 535, 537, 307 So.2d 6, 8 (1975)). It is because the chapter appealed from an appealable, final judgment that I conclude that Price-Williams’s motion to dismiss is without merit.

. Section 34-3-21, Ala.Code 1975, provides: “An attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court."

. Rule 47, Ala. R.App. P., provides:
"No private agreement or consent between the parties or their attorneys, relating to the proceedings in any cause, shall be alleged or suggested by either against the other, unless the same be in writing, and signed by the party to be bound thereby; provided, however, agreements made in open court or at pretrial conferences are binding, whether such agreements are oral or written.”

. See also Cupps v. Cupps, 675 So.2d 889 (Ala.Civ.App.1996). In Cupps, the Court of Civil Appeals held that the trial court was not required to comply with Rule 65(d)(2), Ala. R. Civ. P., which requires that an order granting an injunction set forth the reasons for its issuance. The court reasoned that the wife was seeking a remedy for her husband's failure to comply with a final divorce judgment, which incorporated a settlement agreement giving the wife an equitable lien and requiring the husband to pay all alimony in gross by a specified date. The Court of Civil Appeals reasoned that "the trial court in issuing its order [requiring the use of certain funds to satisfy the lien] acted within Rule 70, Ala. R. Civ. P., which recognizes the trial court's authority to use its inherent power to enforce a settlement agreement approved by that court.” 675 So.2d at 891.